**HEARING DATE: MARCH 26, 2012**
**HEARING TIME:   11:00 A.M.**

**JOSEPH T. BAMBRICK, JR., ESQ.**
529 Reading Avenue
West Reading, Pennsylvania 19611
(610) 372-6400
-and-
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Eric H. Horn, Esq.

*Attorneys for Mehadrin Kosher Poultry, LLC*
*Chapter 7 Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                               :   Chapter 7
                                                     :
MEHADRIN KOSHER POULTRY, LLC,                        :   Case No.: 12-41802 (NHL)
                                                     :
                        Debtor.                      :
------------------------------------------------------------------ x

## DEBTOR'S OBJECTION TO MOTION OF HAMLETT
## ASSOCIATES, INC. FOR RELIEF FROM THE AUTOMATIC STAY

TO:    THE HONORABLE NANCY HERSHEY LORD
       UNITED STATES BANKRUPTCY JUDGE

Mehadrin Kosher Poultry, LLC, the above captioned debtor (the "Debtor"), hereby files

this objection (the "Objection") to the motion of Hamlett Associates, Inc. for relief from the

automatic stay (the "Motion"). In support of the Objection, the Debtor respectfully states as

follows:

### PRELIMINARY STATEMENT

1.     By the Motion, Hamlett Associates, Inc. ("Hamlett") is essentially asking this

Court for permission to take possession of assets that may potentially belong to the Debtor's

estate. Such request is – at best – premature and should be denied.

2.      As this Court is aware, the Debtor's Chapter 7 petition was filed approximately one week ago. The Chapter 7 Trustee – appointed on the same day – simply has not had the opportunity to conduct its necessary investigation. Until the Trustee has such opportunity and is able to determine which assets are estate property, Hamlett should not be permitted to proceed with its state court action seeking possession of, among other things, certain machinery and equipment.

3.      Accordingly, the Debtor respectfully submits that the relief requested in the Motion – at this juncture – should be denied.

## GENERAL BACKGROUND

4.      On March 14, 2012 (the "Petition Date"), the Debtor commenced its Chapter 7 case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or the "Court").

5.      On the Petition Date, the United States Trustee appointed Lori Lapin Jones as the Chapter 7 trustee (the "Trustee").

6.      The Debtor has not yet filed its Schedules of Assets and Liabilities or its Statement of Financial Affairs – but will do so in short order. The Debtor believes that its case is an "asset" case – one such asset being litigation counterclaims.

7.      A Bankruptcy Code § 341(a) meeting has been set for April 18, 2012.

## RELEVANT BACKGROUND

A.      Debtor Sells Certain Assets to MVP Kosher

8.      The Debtor, from June 2008 through December 2010, operated a kosher poultry

processing plant (the "Plant") at leased premises located at 1100 Lincoln Road, Birdsboro, Pennsylvania.

9.    Pursuant to the terms of the a certain Asset Purchase Agreement, dated as of December 31, 2010 (the "APA"), between the Debtor and MVP Kosher Foods, LLC ("MVP Kosher"), MVP Kosher acquired certain of the Debtor's assets.    Such acquisition was accomplished via (i) a surrender of certain Collateral (as defined in the APA) due to a default under the 12% Senior Secured Promissory Notes in the principal amount of $1.3 million, (ii) assumption of certain liabilities, and (iii)  a purchase price of $500,000.  A copy of the APA is annexed hereto as **Exhibit "A."**

B.    The Mechanic's Lien Litigation

10.    In or around February 2009, the Plant was destroyed  by a fire.  Shortly thereafter, the Debtor contracted with Hamlett to conduct certain construction work at the Plant.

11.    During the construction, a dispute arose between the Debtor and Hamlett.  As a result of such dispute, Hamlett filed a mechanic's lien (the "Mechanic's Lien Action") in the amount of $1,234,689.70 with the Court of Common Pleas of Berks County, Pennsylvania (Docket No. 10-346) (the "State Court").  A judgment on the mechanic's lien was ultimately entered in the amount of $1,234,689.70 by the State Court.

12.    On or about February 22, 2012, the State Court issued an order in the Mechanic's Lien Action to "cease and desist operations on the leasehold premises, or, in the alternative, to post a bond equal to the amount of one hundred twenty-five (125) percent of [Hamlett's] judgment."  See State Court Order dated February 22, 2012 annexed hereto as **Exhibit "B."**

13.    Pursuant to a subsequent order dated March 2, 2012, the State Court stayed, until March 15th, the requirement to "cease and desist operations on the leasehold premises, or, in the

alternative, to post a bond equal to the amount of one hundred twenty-five (125) percent of [Hamlett's] judgment." See State Court Order dated February 22, 2012 annexed hereto as **Exhibit "C."**

14.    The day prior to the March 15th hearing, the Debtor commenced its Chapter 7 case.

C.    Hamlett's Lift-Stay Motion

15.    On March 16, 2012, Hamlett filed the Motion and accompanying order to show cause. Pursuant to the Motion, Hamlett is requesting that this Court lift the automatic stay imposed in the Debtor's case so that it can enforce its purported rights in the Mechanic's Lien Action. More specifically, Hamlett "seeks to enforce its mechanic's lien judgment against the leasehold interest and equipment purchased by MVP [Kosher] in 2010." Motion at ¶ 24. Hamlett asserts that "[t]he equipment is neither property of the estate nor the Debtor, and, thus, is not subject to the stay provisions of Section 362(a)." Id. That is simply not true. In point of fact, certain machinery and equipment assets were not acquired by MVP Kosher and remain at the Plant. The extent of the Debtor's assets, however, will not be known until – at a minimum – the Debtor files its Schedules and the Trustee has the opportunity to conduct its investigation.

**OBJECTION**

16.    By the Motion, Hamlett is essentially asking this Court for permission to take precipitous action against assets that may very well belong to the Debtor's estate. Such action should not be allowed by this Court and the relief requested in the Motion should be denied.

17.    As noted above, MVP Kosher acquired certain assets pursuant to the terms of the APA. There are, however, certain machinery and equipment assets of the Debtor that were not acquired by MVP Kosher, and, in fact, still remain at the Plant. The extent of such assets,

however, will not be known until – at a minimum – the Debtor files its Schedules and the Trustee has the opportunity to conduct its investigation.

18.    As this Court is aware, the Debtor's petition was filed approximately one week ago. The Trustee simply has not had the opportunity to conduct its necessary investigation. Until the Trustee has such opportunity and is able to determine which assets are estate property, Hamlett should not be permitted to proceed with the Mechanic's Lien Action.

19.    Additionally, allowing the Trustee to conduct its investigation will not prejudice Hamlett. This is not an issue of perishable goods or inventory that will go stale. Indeed, Hamlett is looking to take action against certain machinery and equipment. Giving the Trustee an opportunity to determine which of the machinery and equipment belongs to the Debtor will take a finite amount of time and will give the creditors in this case certainty that estate assets are not being given away without the benefit of a Trustee investigation. Such limited investigation time will certainly not cause the assets in question (*i.e.*, machinery and equipment) to depreciate in value, and, as such, Hamlett will suffer no prejudice.

20.    Accordingly, the Debtor respectfully requests that the Motion be denied.

*[remainder of page intentionally left blank]*

## CONCLUSION

**WHEREFORE,** the Debtors respectfully request that this Court deny the Motion and

grant such other and further relief as is just and appropriate.

Dated: New York, New York
       March 23, 2012

JOSEPH T. BAMBRICK, JR., ESQ.
529 Reading Avenue
West Reading, Pennsylvania 19611
(610) 372-6400

-AND-

**TARTER KRINSKY & DROGIN LLP**

By:_____
      Scott S. Markowitz
      Eric H. Horn
      1350 Broadway, 11th Floor
      New York, New York 10018
      (212) 216-8000

*Attorneys for Mehadrin Kosher Poultry, LLC*
*Chapter 7 Debtor*